IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          CASE NO. 12-09895 (ESL)

LUIS A. VAZQUEZ VAZQUEZ
MADELINE E. OTERO FELICIANO                      CHAPTER 7

    Debtors

NOREEN WISCOVITCH-RENTAS                          ADV. PROC. NO. 14-00298 (ESL)
    Plaintiff

      vs.

COOPERATIVA DE AHORRO Y
CREDITO ("COOPACA")
    Defendant

OPINION AND ORDER

This case is before the court upon the *Motion Requesting Entry of Summary Judgment* and *Plaintiff's Statement of Facts in Support of Motion for Summary Judgment* (Docket Nos. 20 and 21) filed by the Chapter 7 Trustee (hereinafter referred to as "Trustee" or "Plaintiff") and the opposition thereto filed by the Cooperativa de Ahorro de Credito de Arecibo (hereinafter referred to as "COOPACA" or "Defendant") (Docket No. 34). Also before the court is COOPACA's *Motion for Summary Judgment and Memorandum of Law in Support* (Docket No. 23) and the Plaintiff's *Reply to Defendant's Opposition to Plaintiff's Motion Requesting Summary Judgement* (Docket No. 35). The Trustee filed the *Motion Requesting Entry of Summary Judgment* to avoid COOPACA's lien on an automobile purchased by Luis A. Vazquez Vazquez (hereinafter referred to as "co-debtor"). The Trustee argues that the lien was perfected nineteen (19) days before the bankruptcy petition and is voidable as a preferential transfer pursuant to 11 U.S.C. §547. COOPACA contends that the recording of a security interest over a vehicle is not a transfer and that the co-debtor was solvent when the installment contract was signed and when the lien was recorded. In addition, COOPACA contends that its

-1-

actions to perfect the lien complied with the applicable Puerto Rico law and regulations making the transaction valid and non-voidable under 11 U.S.C. §546.

For the reasons stated below, the Trustee's *Motion Requesting Entry of Summary Judgment* is granted and COOPACA's cross motion for summary judgment is denied.

Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§157(b)(2) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(F). Venue of this proceeding is proper under 28 U.S.C. §§1408 and 1409.

Procedural Background

The Debtors filed a Chapter 7 bankruptcy petition on December 17, 2012 (Lead Case No. 12-09895[1], Docket No. 1). On February 6, 2013, the Debtors filed a motion to convert their Chapter 7 bankruptcy case to a case under Chapter 13 (Lead Case, Docket No. 11). On February 22, 2013, the court granted Debtors' motion requesting conversion of their bankruptcy case to Chapter 13 (Lead Case, Docket No. 20). Thereafter, on January 9, 2014, the Debtor filed a motion requesting conversion of their bankruptcy case to Chapter 7 (Lead Case, Docket No. 89) and the same was granted on January 14, 2014 (Lead Case, Docket No. 91).

On March 14, 2014, the Trustee filed her Objection to COOPACA's proof of claim #8 arguing that the perfection of COOPACA's security interest in the Kia Sorento purchased by the co-debtor took place within the voidable preference period and requested that the same be allowed as a general unsecured claim (Lead Case Docket No. 108). On April 10, 2014 COOPACA filed a motion (Lead Case Docket No. 112) requesting an extension of thirty (30) days to reply to the Trustee's objection to claim #8 and the same was granted (Lead Case Docket No. 113). On May 9, 2014, COOPACA filed its *Opposition to Trustees Objection of Secured Status of Claim Number 8* (Lead Case Docket No. 119). On May 19, 2014, the court entered an Order granting COOPACA's *Opposition to Trustees Objection of Secured Status of*

---

[1] Reference to the lead case are to the entries and documents filed in the bankruptcy case, case number 12-09895.

*Claim Number 8* and denied the Trustee's objection to proof of claim #8 without prejudice to filing a preference action under 11 U.S.C. Section 547 and Fed. R. Bankr. P. 7001(1) (Lead Case Docket No. 121).

Subsequently, on December 18, 2014, the Trustee filed an adversary proceeding requesting that COOPACA's lien on the 2013 Kia Sorrento be avoided because it constituted a fraudulent transfer pursuant to 11 U.S.C. §548 and/or a preference pursuant to 11 U.S.C. §547 (Docket No. 1). The Trustee contends that while the co-debtor purchased the vehicle on August 16, 2012, COOPACA did not present the financing statement at the Department of Transportation (hereinafter referred to as "DTOP") for registration until November 28, 2012. Thus, she argues that because the Debtors filed for bankruptcy nineteen days later (to wit, on December 17, 2012) that the lien should be avoided due to its fraudulent and/or preferential nature pursuant to 11 U.S.C. §548 or 11 U.S.C. §547. Based on the foregoing, the Trustee seeks a judgment stating that COOPACA does not have a valid security interest over the Kia Sorento, declaring COOPACA's claim to be an unsecured claim and ordering DTOP to cancel the lien.

On January 20, 2015, COOPACA filed a motion (Docket No. 9) requesting an extension of thirty (30) days to file its answer to the complaint and the same was granted (Docket No. 11). On February 18, 2015, COOPACA filed its *Answer to Complaint* (Docket No. 16) admitting most of the factual allegations but denying the Trustee's legal conclusions. COOPACA alleged that: (i) Luis A. Vazquez Vazquez requested the car loan by himself and was solvent at the moment of the sale and the alleged transfer; and (ii) it complied with all the legal requirements and applicable laws when recording the lien and as a result the lien is valid and protected under 11 U.S.C. §546.

On April 24, 2015, a pretrial conference was held during which the court granted the parties 120 days to conclude discovery and 30 days thereafter to file dispositive motions (Docket No. 17 *Minute Entry*, Docket No. 19 *Audio File*). The pretrial hearing was continued without a date.

On October 14, 2015, the Trustee filed a *Motion Requesting Entry of Summary Judgment* (Docket No. 20) in which she contends that COOPACA's lien meets all of the requirements of a preferential transfer under Section 547 as: (i) "[p]erfection of a security interest in the debtor's property is a transfer at the time of perfection of that interest"; (ii) the transfer was on account of an antecedent debt since the co-debtor purchased the vehicle on August 16, 2012; (iii) the transfer was made while the co-debtor was insolvent; (iv) during the 90 day preference period; and (v) the transfer would allow the creditor to receive more than it would receive under a Chapter 7 liquidation (Docket No. 20). On the same date, the Trustee filed *Plaintiff's Statements of Facts in Support of Motion for Summary Judgment* (Docket No. 21).

On that same date, COOPACA filed its *Motion for Summary Judgment and Memorandum of Law in Support* (Docket No. 23). In essence, COOPACA sustains that: (i) it "perfected its lien validly in compliance with the Puerto Rico laws and regulations regarding the recording of liens of motor vehicles making the transaction valid and enforceable and non voidable under 11 U.S.C 546"; (ii) the recording of the lien over the vehicle is an act of constitution and not a transfer; (iii) the co-debtor was not insolvent at the moment the contract was signed or at the moment the lien was recorded and that "[w]hat changed in the period of the three months was his wife [*sic*] circumstances and her ability to pay her debts"; (iv) since COOPACA is a secured creditor it is entitled to receive the full amount of the debt as contracted with the debtor and that amount does not exceed what COOPACA would receive in a chapter 7 distribution; and (v) COOPACA acted in good faith and had no knowledge of the possibility of a bankruptcy or the possible insolvency of the debtor.

Subsequently, on November 10, 2015, the Trustee filed a motion (Docket No. 28) requesting an extension of fourteen (14) days to file a response to COOPACA's *Motion for Summary Judgment and Memorandum of Law in Support* and the same was granted (Docket No. 30). On November 12, 2015, COOPACA filed a motion (Docket No. 29) requesting an extension of fourteen (14) days to file its opposition to the Trustee's *Motion Requesting Entry of*

*Summary Judgment* and the same was granted (Docket No. 31). On November 27, 2015, COOPACA filed its Opposition (Docket No. 34) to the Trustee's *Motion Requesting Entry of Summary* Judgement by which it reiterated the arguments advanced in its *Motion for Summary Judgment and Memorandum of Law in Support*. On December 1, 2015, the Trustee filed a *Reply to Defendant's Opposition to Plaintiff's Motion Requesting Summary Judgment* (Docket No. 35) by which she contends that: (i) 11 U.S.C. §546(b) is not a defense against a preference action brought pursuant to 11 U.S.C. §547(b); (ii) the Plaintiff has provided evidence establishing that the transaction in controversy meets the standards of Section 11 U.S.C. §547; and (iii) the "Defendant has not presented evidence that would deny Plaintiff's allegations at [*sic*] the complaint nor has presented a valid defense against a voidable preference action" (Docket No. 35, ¶33, p.11).

The issue before the court is whether COOPACA's lien over the 2013 Kia Sorento constitutes a preferential transfer which may be avoided pursuant to Section 547.

After considering the totality of the record, the following facts are uncontested. (Docket Nos. 20,21, 23, 34 & 35):

<u>Material Uncontested Facts</u>

1. On August, 18, 2012, the co-debtor and COOPACA executed an installment contract for the purchase of a 2013 KIA Sorento, license plate IBJ-051, Registry #11125900 (Docket No. 23, Exhibit 4).

2. On November 29, 2012, COOPACA filed with DTOP the documents required to perfect the lien over the motor-vehicle (Docket No. 21, Exhibit B).

3. On December 17, 2012, the Debtors filed for bankruptcy relief. (Lead Case Docket No. 1).

4. On February 22, 2013, DTOP registered the lien (Docket No. 23, Exhibit 5).

Applicable Law and Analysis

*Standard for Motion for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." Wright, Miller & Kane, Federal Practice and Procedure, 3d, Vol 10A, § 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact.  Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation.  Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976).  When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party.    Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment.  Adickes v. Kress & Co., 398 U.S. 144, 157 (1970).  See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991).  It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial.  Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial.  López, 938 F.2d at 1516.  In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case.  Celotex, 477 U.S. at 325.  See also Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11.  In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment.    Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987).  See also, Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464.  A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other

supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

For the reasons explained below, this court grants the Trustee's motion for summary judgment, and denies COOPACA's cross motion for summary judgment.

*Preferential Transfers*

Section 547 provides that the trustee may avoid certain transfers as long as the requirements of Section 547(b) are met. Section 547(b) provides:

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property--
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made--
> (A) on or within 90 days before the date of the filing of the petition; or
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if--
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title

11 U.S.C. § 547.

Thus, "[i]n unofficial and general terms, a preference is a transfer of the debtor's property on the eve of bankruptcy to satisfy an old debt." PMC Mktg. Corp., 543 B.R. 345, 356 (B.A.P. 1st Cir. 2016), quoting Bogdanov v. Avnet, Inc., No. 10–CV–543–SM, 2011 WL 4625698, at *2

(D.N.H. Sept. 30, 2011).  Moreover, "the trustee has the burden of proving the avoidability of a transfer under subsection (b) of this section." 11 U.S.C. §547(g).

The first element requires that a transfer be made to or for the benefit of a creditor. COOPACA does not dispute that it is a creditor. However, the Defendant argues that the recording of a lien over a motor-vehicle is not a transfer. The term transfer is defined in Section 101(54) as:

> The term "transfer" means--
> (A) the creation of a lien;
> (B) the retention of title as a security interest;
> (C) the foreclosure of a debtor's equity of redemption; or
> (D) each mode, direct or indirect, absolute or conditional, voluntary or
> involuntary, of disposing of or parting with--
> (i) property; or
> (ii) an interest in property.

11 U.S.C. § 101.

"The term transfer encompasses an exchange of anything of value, thus, both the payment of money and the creation of a lien are transfers." Hon. Joan N. Feeney, Hon. Michael G. Williamson and Michael J. Stepan, Esq., *Bankruptcy Law Manual* § 9A:11 (5th ed.2015–2). Hence, the perfection of a lien over a motor-vehicle is a transfer.  See In re Melon Produce, Inc., 976 F.2d 71, 74 (1st Cir. 1992) ("That is because the creation of a perfected security interest in property is itself a preference when the creation or perfection takes place during the preference period (and the other criteria are satisfied")).

The second element requires that the transfer be for or on account of an antecedent debt owed by the debtor before the transfer was made. The term antecedent debt is not defined by the Bankruptcy Code, however "a debt is antecedent if it is incurred before the transfer: the debt must have preceded the transfer." Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶547.03[4](16th ed. 2015). In the instant case, COOPACA does not dispute the existence of an

antecedent debt and the evidence submitted shows that the debt was incurred on August 18, 2012, before the alleged preferential transfer was made.

The third element requires that the transfer be made while the debtor was insolvent. Section 101(32) defines insolvent as a "financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of (i) property transferred, concealed, or removed with intent to hinder, delay, or defraud such entity's creditors; and (ii) property that may be exempted from property of the estate under section 522 of this title." 11 U.S.C.A. §101(52). Thus, "[a] rough "balance sheet" test determines insolvency; the debtor is insolvent when its liabilities exceed the fair value of its nonexempt assets." Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶547.03[5](16th ed. 2015). The determination of insolvency focuses on the time the alleged preferential transfer was made. Id.

Pursuant to Section 547(e)(2)[2] "establishing the date on which the transfer was made requires a preliminary determination of when the transfer was perfected." Id. at ¶547.05[1][b]. With respect to personal property, a transfer is perfected "when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." 11 U.S.C. §547(e)(1)(B). "The determination of when a transfer is perfected depends entirely on state law." Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶547.05[1][c] (16th ed. 2015).

The perfection of a security interest over a motor vehicle in Puerto Rico is governed by the Puerto Rico Commercial Transactions Act, as amended by Act No. 21 of 2012, 19 L.P.R.A.

---

[2] Section 547(e)(2) provides: "For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made--

    (A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 30 days after, such time, except as provided in subsection (c)(3)(B);

    (B) at the time such transfer is perfected, if such transfer is perfected after such 30 days; or

    (C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of--

    (i) the commencement of the case; or

    (ii) 30 days after such transfer takes effect between the transferor and the transferee."

11 U.S.C. § 547.

§2211 *et seq.* However, because COOPACA filed the documents to perfect the security interest on November 29, 2012, perfection in the instant case is governed by 19 L.P.R.A. §2163, which has now been repealed[3]. 19 L.P.R.A. §2163 provides:

> When a security interest is created in a motor vehicle, as defined in Section 1-161 of the Motor Vehicle and Traffic Law of Puerto Rico, the security interest shall shall be perfected when filed in the Registry of Motor Vehicles and Trailers of the Department of Transportation and Public Works established by Section 2-102, in the manner provided in said act; Provided, however, That in the case of a motor vehicle without a certificate of title or corresponding license issued by the Commonwealth or another jurisdiction, the security interest shall be perfected only when the financing statement is filed in the office of the Secretary of State, pursuant to the provisions set forth in § 2151 of this title. The transfer of a motor vehicle shall be recorded in the registry of Motor Vehicles and Trailers of the Department of Transportation and Public Works prescribed in Motor Vehicle and Traffic Law of Puerto Rico.

Plaintiff asserts that COOPACA presented the documents to perfect its lien over the Kia Sorento at DTOP on November 29, 2012[4], while COOPACA asserts that it filed the documents to register its lien on November 22, 2012[5]. This court finds based on the evidence submitted by the parties that the documents to perfect COOPACA's security interest were filed on November 29, 2012. Thus, the transfer was made and the determination of insolvency is focused on November 29, 2012.

In addition, pursuant to Section 547(f) "the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." 11 U.S.C. §547(f). "This presumption of insolvency is rebuttable, and the creditor has the initial obligation to present "some evidence" that the debtor was solvent at the time the transfer was made." Alan

---

[3] §9-701 of Act 21 of 2012 provides that "[t]his Act takes effect one (1) year after it is approved." 19 L.P.R.A. §2401. Act 21 of 2012 was approved on January 17, 2012. Id.
[4] Although the Trustee alleges in *Plaintiff's Statement of Uncontested Facts in Support of Motion for Summary Judgment* (Docket No. 21) that the documents were submitted to DTOP on November 28, 2012, the Exhibit attached thereto shows that the documents were presented on November 29, 2012 and the Plaintiff so alleges in its Reply (Docket No. 35).
[5] The court notes that the difference will not affect the outcome as both dates come within the 90 day preference period, and exceed the 30 day enabling loan period.

N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶547.12 (16th ed. 2015). If the defendant rebuts the presumption, "the evidentiary burden shifts back to the trustee to affirmatively demonstrate the debtor's insolvency." Id. "In the absence of "evidence to meet or rebut the presumption," the trustee is entitled to rely upon the presumption of insolvency in the trustee's favor." Id. at §547.03[5]-§547.03[6]; In re VJ Int'l, Inc., 359 B.R. 401, 406 (Bankr. D.P.R. 2006). However, the burden of proving insolvency remains on the trustee. Id.

COOPACA asserts that the co-debtor was solvent at the moment he signed the contract with COOPACA and at the moment the lien was perfected. In addition, the Defendant argues that what changed and presumably led to the filing of the bankruptcy petition, was the co-debtor's spouse ability to pay her debts[6]. However, the evidence submitted by COOPACA to rebut the presumption relates to its investigation into the co-debtor's credit conducted on August 16 and August 18, 2012, which is before the transfer was made and outside the 90 day preferential period. Moreover, Debtor Luis A. Vazquez Vazquez's TransUnion Credit Report discloses an alert notification due to serious delinquency (Docket No. 23-3, p. 2). Hence, COOPACA has failed to introduce any evidence to rebut the presumption that the Debtors were insolvent when the transfer was made[7]. Therefore, since COOPACA has not come forward with any evidence to rebut the presumption of insolvency, the Trustee may rely upon it for purposes

---

[6] The court notes that under Puerto Rico law marriage gives rise to a conjugal partnership and the conjugal partnership is liable for all obligations contracted by either spouse. See 31 L.P.R.A. §§3622 and §3661; Dyno Nobel, Inc. v. Amotech Corp., 959 F. Supp. 109, 113 (D.P.R. 1997)("The Supreme Court of Puerto Rico has construed Article 1308 to mean that any spouse, acting in his or her individual capacity, may perform acts which obligate the conjugal partnership, even without the consent of the other spouse. Such liability may not attach to the non-consenting spouse when the obligation was entered into for the spouse's own benefit or when the obligation incurred had the purpose of injuring or defrauding the spouse").

[7] The court also notes that a review of the Debtors' schedules filed with the bankruptcy petition shows assets of $23,400.00 of which $20,000.00 was attributed to the Kia Sorento 2013, and liabilities of $86,375.00 of which $30,800.00 is listed in *Schedule D* as COOPACA's claim ($10,800.00 is scheduled as unsecured)  (Lead Case, Docket No. 1). Moreover, *Schedule I* discloses a combined average monthly income of $2,058.19 and *Schedule J* discloses average monthly expenses of $2,068.00 (Lead Case, Docket No.1, pp. 29-31). It is important to note that *Schedule J* does not take into account monthly payments for unsecured claims which pursuant to *Schedule F* total $55,575.00.

of this preference action. See In re VJ Int'l, Inc., 359 B.R. 401 at 406.

The fourth element requires that the transfer be made within ninety (90) days before the filing of the petition. The defendant does not contest the fourth element. Furthermore, as previously discussed, the transfer was made on November 29, 2012, eighteen days before the bankruptcy petition was filed.

Finally, the fifth element requires that the transfer enable the creditor to receive more than it would receive if the case were under Chapter 7 of the code, the transfer had not been made, and the creditor received payment of the debt to the extent provided by the Bankruptcy Code. This court finds that the fifth element is met because without the transfer COOPACA would be treated as an unsecured creditor who would have to share distribution with the Debtors other unsecured creditors. See In re Taylor, 599 F.3d 880, 888 (9th Cir. 2010).

Furthermore, Section 547(c)(3) provides that a trustee may not avoid a transfer under Section 547 "that creates a security interest in property acquired by the debtor to the extent such security interest secures new value that was (i) given at or after the signing of a security agreement that contains a description of such property as collateral;(ii) given by or on behalf of the secured party under such agreement;(iii) given to enable the debtor to acquire such property; and(iv) in fact used by the debtor to acquire such property" and "that is perfected on or before 30 days after the debtor receives possession of such property". 11 U.S.C. §547. Thus, Section 547(c)(3) creates the "enabling loan exception" which "protects purchase-money security interests for enabling loans if perfection occurs within 30 days after the debtor receives possession of the collateral." Hon. Joan N. Feeney, Hon. Michael G. Williamson and Michael J. Stepan, Esq., *Bankruptcy Law Manual* § 9A:22 (5th ed.2015–2).  However, "[a] security interest or mortgage that is perfected outside the 30-day safe harbor period is vulnerable to attack as a preference as a transfer on account of an antecedent debt." Id. In the instant case, despite the fact

-13-

that COOPACA's security interest was perfected under state law, the trustee could still avoid the transfer of the security interest because COOPACA failed to meet the 30 day perfection requirement under Section 547(c)(3).

Therefore, this court finds that all the elements of Section 547(b) are met and that COOPACA's lien may be avoided as a preferential transfer.

*Section 550(b) and Section 546(b)(1)(A)*

The Defendant has not argued that it is entitled to any of the defenses provided in Section 547(c). However, COOPACA sustains that because it complied with the applicable Puerto Rico law and regulations when perfecting its lien over the Kia Sorento that the transfer is valid and may not be avoided under Section 546(b)(1)(A). In addition, COOPACA sustains that the trustee is not allowed to recover the transfer from it pursuant to Section 550(b) because it acted in good faith and with no knowledge of a possible bankruptcy or the insolvency of the Debtors.

However, Section 546(b)(1)(A)[8] does not limit a trustee's powers when pursuing a preference action under Section 547. Thus, the fact that COOPACA complied with the applicable Puerto Rico laws and regulations when perfecting the lien is not a defense to a preferential transfer action if the lien is perfected during the preferential period and the transfer complies with all the other elements in Section 547(b). See In re Roldan, 2012 WL 2221410, at *9 (Bankr. D.P.R. 2012).

---

[8] Section 546(b)(1) provides in the pertinent part:
>    (b)(1) The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that--
>        (A) permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection; or
11 U.S.C. §546.

Likewise, Section 550(b) does not apply in the instant case. "While section 547 concerns the avoidance of transfers, the recovery of a transfer avoided under section 547 is governed by section 550 of the Bankruptcy Code." In re VJ Int'l, Inc., 359 B.R. 401 at 409. Section 550(a) provides that the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from the initial transferee or any immediate or mediate transferee of the initial transferee. 11 U.S.C. §550(a). "However, the trustee may not recover from "a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided". In re VJ Int'l, Inc., 359 B.R. 401 at 409, quoting 11 U.S.C. §550(b). COOPACA sustains that it acted in good faith and without knowledge of the possible bankruptcy or insolvency of the debtor. However, "[t]he scope of subsection (b) does not include an initial transferee of the debtor or an agent of the debtor even if the initial transferee takes in good faith and for present fair equivalent value". Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶550.03[1] (16th ed. 2015); In re VJ Int'l, Inc., 359 B.R. 401 at 409-10. Thus, because COOPACA is an initial transferee, the Trustee may recover from COOPACA under Section 550(a).

Conclusion

For the reasons stated herein, the Trustee's *Motion Requesting Entry of Summary Judgment* (Docket Nos. 20 and 21) is hereby granted and COOPACA'S opposition thereto and cross motion for summary judgment (Dockets Nos. 23 and 34) are denied. Consequently, upon the avoidance of COOPACA's lien, COOPACA's Proof of Claim #8 is hereby allowed as a general unsecured claim. In addition, the DTOP is ordered to cancel COOPACA's lien over the above described motor-vehicle.

Judgment shall be entered accordingly.

SO ORDERED.

In San Juan, Puerto Rico, this 6th day of April, 2016.

Enrique S. Lamoutte
United States Bankruptcy Judge